UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FALLON W. JOHNSON ET AL.                     CIVIL ACTION

VERSUS                                       NO. 10-1756

CHARLES ACOSTA ET AL.                        MAGISTRATE JUDGE
                                             JOSEPH C. WILKINSON, JR.

### ORDER AND REASONS ON MOTION

In this employment discrimination action, plaintiffs, Fallon W. Johnson (f/k/a Fallon Walter) and Angelle Milliet Tabor (f/k/a Angelle Ducros), sued their former employer, Sprint/United Management Company ("Sprint/United") and/or Sprint Nextel Corporation, and their former supervisor, Charles Acosta, in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. Defendants removed the action to this court. Record Doc. No. 1. After removal, plaintiffs voluntarily dismissed another defendant, Megan Brandt, without prejudice. Record Doc. Nos. 24, 25. Both plaintiffs allege causes of action for "wrongful termination" of their employment. In addition, Johnson asserts a claim of pregnancy discrimination and Tabor asserts a claim of religious discrimination. Petition for Damages, Record Doc. No. 1-1.

This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 26.

Defendants filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss (1) Tabor's religious discrimination claim, (2) all discrimination claims by both plaintiffs against Acosta and (3) all "wrongful termination" claims by both plaintiffs. Defendants do not seek to dismiss Johnson's pregnancy discrimination claim against Sprint/United. Record Doc. No. 15. After obtaining a continuance of the hearing date and an extension of time to respond, Record Doc. Nos. 19, 20, plaintiffs filed their opposition memorandum one day late. Record Doc. No. 28. The court has nonetheless considered plaintiffs' opposition. Defendants received leave to file a reply memorandum. Record Doc. Nos. 29, 30, 31.

Having the considered the complaint, the record, the submissions of the parties and the applicable law, and for the following reasons, IT IS ORDERED that defendants' motion is GRANTED.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The following well-pleaded factual allegations of plaintiffs' Petition for Damages are accepted as true and viewed in the light most favorable to plaintiffs, solely for purposes of defendants' motion to dismiss. Both plaintiffs began working for Sprint/United in late 2005. During the relevant time period in 2009, plaintiff Tabor was employed as Store Manager and plaintiff Johnson was employed as Assistant Manager

at a Sprint store in Slidell, Louisiana. Defendant Acosta was the District Manager for the Slidell Sprint store.

The Slidell store was audited on February 23, 2009. Neither plaintiff was in the store that day. On that date, Johnson was approximately eight months pregnant.

On February 24, 2009, Acosta told Tabor that Johnson was "'holding her back,'" that Johnson "was already on 'final,'" and that Tabor "should 'find a reason to fire Johnson or try to rehabilitate her.'" Acosta asked Tabor when Johnson was going on maternity leave, and Tabor told him it would be at the end of March. Acosta then told Tabor "that whatever was going to happen needed to happen fast." Petition for Damages, Record Doc. No. 1-1 at ¶ 5.

On March 2, 2009, Acosta terminated the employment of both Johnson and Tabor. Plaintiffs' first count, entitled "Wrongful Termination" alleges that they "were wrongfully terminated based on a flawed audit which was timed to negate and/or lower their performance score since both [plaintiffs were] not present during the audit." Record Doc. No. 1-1, Petition for Damages at ¶ 11. "Plaintiffs contend that their termination was done in bad faith . . . ." Id. at ¶ 14.

Plaintiffs's second cause of action is for "Pregnancy and Religious Discrimination." In this count, they allege that Johnson was fired based on her pregnancy and that Tabor was fired because she refused to fire Johnson during Johnson's

pregnancy. Tabor further alleges that "Acosta had expressed opposition to a religious-based marital decision" that she had made. Id. at ¶ 16. Both plaintiffs seek "bad faith tort damages (mental anguish and emotional distress), and monetary damages for loss [sic] wages (past and future)." Johnson also seeks general damages for pregnancy discrimination and Tabor seeks general damages for religious discrimination. Id. at ¶ 17.

Defendants removed the case to this court, asserting federal question jurisdiction under Title VII based on both plaintiffs' allegations of discrimination, with supplemental jurisdiction over plaintiffs' claims of wrongful termination and discrimination under Louisiana law. Defendants also asserted diversity jurisdiction, arguing that the individual defendants, whom the Petition alleges are both Louisiana citizens, were fraudulently joined to defeat jurisdiction. Notice of Removal, Record Doc. No. 1.

## II.   STANDARD OF REVIEW FOR A MOTION TO DISMISS

Defendants filed their motion pursuant to Fed. R. Civ. P. 12(b)(6), which provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Neither defendants in their original supporting memorandum nor plaintiffs in their opposition memorandum cited the correct Rule 12(b)(6) standard, although defendants acknowledged the appropriate legal standard in their reply memorandum. Record Doc. No. 31 at pp. 2-3.

In two recent opinions, the United States Supreme Court clarified the standard for reviewing a motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The Fifth Circuit has explained the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief.  First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Legal conclusions "must be supported by factual allegations."
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Rhodes v. Prince, 360 F. App'x 555, 557-58 (5th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949, 1950; Twombly, 550 U.S. at 555; Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to survive a motion to dismiss. Iqbal, 129 S. Ct. at 1949. The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation omitted).

At least one post-Twombly Fifth Circuit panel has reiterated the familiar concept that motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Rodriguez v. Rutter, 310 F. App'x 623, 626 (5th Cir. 2009) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000); Kaiser Alum. & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)); accord Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)).

### III. TABOR'S TITLE VII AND STATE LAW EMPLOYMENT DISCRIMINATION AND RETALIATION (IF ANY) CLAIMS ARE BARRED

Defendants argue that Tabor's religious discrimination claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because she never filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendants contend that she failed both to exhaust her administrative remedies under Title VII and to give defendants the pre-lawsuit notice of claim required under Louisiana's anti-discrimination statute. Defendants attached to their memorandum the declaration under penalty of

perjury of Acosta, who stated that he, as the District Manager, Retail Sales for Sprint/United, is the person who receives notice of any charges filed with the EEOC, but he never received any charge filed by Tabor. Record Doc. No. 15-2, Defendant's Exh. A, declaration of Charles Acosta dated July 14, 2010, at ¶¶ 4-5.

Defendants acknowledge that, if the court considers Acosta's declaration, which asserts facts that are not in plaintiffs' petition, Rule 12(d) requires that their motion to dismiss be converted to a summary judgment motion. Fed. R. Civ. P. 12(d); Rodriguez, 310 F. App'x at 626 (citing Kennedy v. Chase Manhattan Bank USA, 369 F.3d 833, 839 (5th Cir. 2004); Scanlan v. Tex. A & M Univ., 343 F.3d 533, 536, 539 (5th Cir. 2003); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

In their opposition memorandum, however, plaintiffs acknowledge the truth of Acosta's assertions. Therefore, the court will not convert defendants' motion to a summary judgment motion, but will treat it as a motion to dismiss that incorporates the established fact that Tabor did not file any charge with the EEOC.

Plaintiffs' petition does not specifically mention retaliation, but they allege in their "Pregnancy and Religious Discrimination" count "that since [Johnson's] supervisor, [Tabor], refused to fire her during her pregnancy, that both of them were terminated." Record Doc. No. 1-1, at ¶ 16. Plaintiffs argue in their memorandum in opposition to defendants' motion to dismiss that Tabor "was terminated because she refused to go

along with the Defendant's plan to terminate . . . Johnson during the eighth month of her pregnancy." Record Doc. No. 28, at p. 5. In their reply memorandum, defendants argue that, to the extent that Tabor may be claiming retaliatory discharge because she refused to fire Johnson and that refusal was protected activity under Title VII, Tabor's claim is barred by Tabor's admitted failure to file <u>any</u> charge with the EEOC, which would include any charge of retaliation.

The filing of an EEOC charge within 300 days of the discriminatory or retaliatory employment action is a prerequisite to the filing of a lawsuit under Title VII in a federal court in Louisiana. <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 109 (2002); <u>Hartz v. Adm'rs of Tulane Educ. Fund</u>, 275 F. App'x 281, 287 (5th Cir. 2008) (citing 42 U.S.C. §§ 2000e-5(e), 2000e-5(f)(1)) (additional citations omitted). Because more than 300 days have passed since Tabor was fired on March 2, 2009, she could not now file a charge of either religious discrimination or retaliation with the EEOC.[1] Tabor's failure to file any charge within the 300-day limitations period requires dismissal of her Title VII religious discrimination claim and retaliatory discharge claim, if any, as time-barred. <u>Morgan</u>, 536 U.S. at 113; <u>Martin v. Lennox Int'l Inc.</u>, 342 F. App'x 15, 18 (5th Cir.

---

[1] Being fired is a discrete act of which Tabor clearly knew on the date that it happened. Thus, equitable tolling could not apply (and Tabor does not argue that it could) to extend the date when she was required to file her charge of discrimination or retaliation with the EEOC.

2009); Stith v. Perot Sys. Corp., 122 F. App'x 115, 117 (5th Cir. 2009); Tyler v. Union Oil Co., 304 F.3d 379, 382, 391 (5th Cir. 2002).

Louisiana's anti-discrimination law requires written notice to the defendant before filing a lawsuit. "A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of the fact at least thirty days before initiating court action, [and] shall detail the discrimination . . . ." La. R.S. § 23:303(C). Thus, before

> filing a lawsuit under the Louisiana anti-discrimination statute, a plaintiff must give the proposed defendant written notice that he believes he has been discriminated against at least 30 days before initiating court action. Filing an E.E.O.C. charge of discrimination satisfies this notice requirement, but limits the state claim to the alleged discrimination detailed in the E.E.O.C. charge.

Johnson v. Harrah's Entm't, Inc., No. 04-331, 2005 WL 3541139, at *4 (E.D. La. Nov. 16, 2005) (Knowles, M.J.) (citing La. R.S. § 23:303(C); Parquet v. Universal Health Servs., Inc., No. 02-331, 2003 WL 145429, at * 3-4 (E.D. La. Jan. 17, 2003) (Shushan, M.J.); Manzella v. United Parcel Serv., Inc., No. 02-1800, 2002 WL 31040170, at *4 (E.D. La. Sept. 10, 2002) (Wilkinson, M.J.)).

Although the Louisiana statute does not expressly provide any penalty for noncompliance with Section 23:303(C), "at least one Louisiana court and a number of federal district courts in Louisiana have held that an employment discrimination claim must be dismissed if the plaintiff failed to comply with the notice provision of section

23:303(C)." Plaisance v. Airgas-Gulf States, Inc., No. 07-8440, 2008 WL 1730535, at *4 (E.D. La. Apr. 10, 2008) (Vance, J.) (citing Casey v. Livingston Parish Commc'ns Dist., 476 F. Supp. 2d 600, 608 (M.D. La. 2007) (Polozola, J.), aff'd, No. 07-30990, 2009 WL 577756 (5th Cir. Mar. 6, 2009); Schildkraut v. Bally's Casino New Orleans, LLC, No. 04-366, 2004 WL 2348321, at *11 (E.D. La. Oct. 14, 2004) (Knowles, M.J.); Trahan v. Lowe's, Inc., No. 01-3243, 2002 WL 1560272, at *6 (E.D. La. July 12, 2002) (Wilkinson, M.J.); Simpson-Williams v. Andignac, 902 So. 2d 385, 388 (La. App. 4th Cir. 2005)). The federal Fifth Circuit recently affirmed the district court's Rule 12(b)(6) dismissal of plaintiffs' state-law discrimination claims in Casey, noting that "[p]laintiffs simply failed to meet the procedural requirements of pursuing their claim" when they failed to provide the notice required by Section 23:303(C). Casey, 2009 WL 577756, at *5.

In her opposition memorandum, Tabor does not contend that she provided defendants with any such written notice, and she admits that she did not file any charge with the EEOC. Thus, Tabor's claims of religious discrimination and retaliatory discharge, if any, under both Title VII and Louisiana law fail to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Defendants' motion to dismiss these claims is granted.

IV.     PLAINTIFFS CANNOT ASSERT DISCRIMINATION CLAIMS AGAINST THEIR SUPERVISOR UNDER TITLE VII OR LOUISIANA LAW

In their Petition for Damages, plaintiffs seek to impose liability for discrimination on Acosta "in his official capacity" as their supervisor. Record Doc. No. 1-1, Petition for Damages at ¶¶ 3, 16-17. Acosta moves to dismiss all discrimination claims asserted against him. He argues that Title VII prohibits an "employer" from discriminating or retaliating against an employee, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(a), but does not provide for any individual liability, and that the Louisiana anti-discrimination statute similarly provides for a cause of action only against employers. Plaintiffs acknowledge that these statutes provide for no legal liability for Acosta, but they contend that he should remain a defendant in this case on plaintiffs' "liability for tort damages under La. Civil Code, article 2315 . . . . for wrongful termination and intentional infliction of emotional distress." Record Doc. No. 28 at p. 2. Those two claims are discussed in the subsequent sections of this order and reasons.

As to individual liability for discrimination, the Fifth Circuit has consistently held that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." Ackel v. National Commc'ns, Inc., 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing Smith v. Amedisys, Inc., 298 F.3d 434, 448-49 (5th Cir. 2002)); accord Baldwin v. Layton, 300 F. App'x 321, 323 (5th Cir. 2008); Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994);

see also Fantini v. Salem State Coll., 557 F.3d 22, 28-31 (1st Cir. 2009) (reviewing case law and joining all other circuit courts in holding that "there is no individual employee liability under Title VII".).

It is equally well established that "Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers." Mitchell v. Tracer Constr. Co., 256 F. Supp. 2d 520, 525 (M.D. La. 2003) (Parker, J.) (citing La. Rev. Stat. § 23:301 et seq.); accord Aronzon v. Sw. Airlines, No. 03-394, 2004 WL 57079, at *5 (E.D. La. Jan. 9, 2004) (Vance, J.) (citing La. Rev. Stat. §§ 23:302(2), 23:312, 23:323, 23:332; Johnson v. Integrated Health Servs., Inc., No. 01-2075, 2002 WL 31246762 (E.D. La. 2002) (Vance, J.); Hammond v. Med. Arts Group, Inc., 574 So. 2d 521 (La. App. 3d Cir. 1991)).

Accordingly, plaintiffs fail to state any viable discrimination claims against Acosta as a matter of law and defendants' motion to dismiss those claims is granted.

## V. LOUISIANA LAW PROVIDES NO CAUSE OF ACTION FOR "WRONGFUL TERMINATION"

The first count of plaintiffs' Petition for Damages is entitled "Wrongful Termination." Plaintiffs allege that they "were wrongfully terminated based on a flawed audit which was timed to negate and/or lower their performance score since both [plaintiffs were] not present during the audit." Record Doc. No. 1-1, Petition for

Damages at ¶ 11. "Plaintiffs contend that their termination was done in bad faith . . . ." Id. at ¶ 14.

Defendants move to dismiss this claim, arguing that Louisiana law provides no cause of action for wrongful termination. Plaintiffs respond that their claim arises under Louisiana's general tort law, which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315. Plaintiffs include in this argument their allegation that Tabor was wrongfully terminated because she refused to go along with defendants' plan to terminate Johnson during the eighth month of her pregnancy.

Plaintiffs do not dispute that they were at-will employees. Under Louisiana law, when an employee's job is for an indefinite term, the employment is terminable at the will of either the employer or the employee. An employer is at liberty to dismiss an at-will employee at any time for any reason without incurring liability for the discharge, provided the termination does not violate any statutory or constitutional provision, such as anti-discrimination laws. Stewart v. Courtyard Mgmt. Corp., 155 F. App'x 756, 758 (5th Cir. 2005) (citing Gilbert v. Tulane Univ., 909 F.2d 124, 125 (5th Cir. 1990); Thorns v. Monroe City Sch. Bd., 542 So. 2d 490, 492 (La.1989); Robinson v. Healthworks Int'l, L.L.C., 837 So. 2d 714, 721 (La. App. 2d Cir. 2003)); Fletcher v. Wendelta, Inc., 999 So.

2d 1223, 1229-30 (La. App. 2d Cir.), writ denied, 5 So. 3d 164 (La. 2009) (citing La. Civ. Code art. 2747; Quebedeaux v. Dow Chem. Co., 820 So. 2d 542 (La. 2002)).

> Aside from these exceptions [for discrimination based on a prohibited factor], there are no broad policy considerations creating exceptions to employment-at-will and affecting relations between employer and employee. As long as the termination does not violate any statutory or constitutional provisions, it is without liability to the employer. In fact, there need be no reason at all for the termination. The at-will doctrine provides a shield to employers so significant that only a few instances provide exception to the protection.

Id. at 1230 (citing Quebedeaux, 820 So. 2d at 545-46; Jackson v. Mayo, 975 So. 2d 815 (La. App. 2d Cir. 2008)) (emphasis added); see Whipple v. McDonald's Restaurant Mgrs., 971 So. 2d 431, 433-34 (La. App. 3d Cir. 2007) (A cashier who was fired when her cash register was short by $300 alleged that, because her employer did not conduct any investigation into the shortage, she was wrongfully terminated. The grant of defendants' exception of no cause of action was affirmed because Louisiana "law does not afford a remedy" for wrongful discharge.).

The only cases that plaintiffs cite in support of their argument that they have a cause of action for wrongful termination are from the United States Court of Appeals for the Third Circuit. Not only were the facts of both Third Circuit cases completely unlike the facts in the instant case, but both cases were based on Erie guesses about Pennsylvania state law. Borse v. Piece Goods Shop, Inc., 963 F.2d 611 (3d Cir. 1992); Novosel v. Nationwide Ins. Co., 721 F.2d 894 (3d Cir. 1983). These cases are not

persuasive that the Supreme Court of Louisiana would recognize a cause of action for wrongful termination under facts like those alleged by plaintiffs in the instant matter.

To the contrary, Louisiana law is clear that an at-will employee has no cause of action for wrongful termination in the absence of a constitutional or statutory protection. In Stewart, a former employee alleged that his employer's managers falsely accused him of participating in a credit card fraud scheme, questioned him for hours, escorted him off the premises and told him not to return, then terminated his employment. The Fifth Circuit held that plaintiff had no cause of action for wrongful termination under Louisiana law. Just as in Stewart, Tabor and Johnson cite "no statutory or jurisprudential support" in Louisiana law for their assertion that, if the court finds that they were terminated "in bad faith," "then [their] termination was 'a wrongful termination.'" Stewart, 155 F. App'x at 759.

"Reasons for termination need not be accurate, fair or reasonable. An employee hired for an indefinite term has no action against his employer for wrongful discharge." Stevenson v. Lavalco, Inc., 669 So. 2d 608, 610 (La. App. 2d Cir. 1996) (citing La. Civ. Code art. 2747; Hoover v. Livingston Bank, 451 So. 2d 3 (La. App. 1st Cir. 1984); Williams v. Delta Haven, Inc., 416 So. 2d 637 (La. App. 2d Cir. 1982)); accord Huang v. La. State Bd. of Trustees, 781 So. 2d 1, 11 (La. App. 1st Cir. 2000); Mix v. Univ. of New Orleans, 609 So. 2d 958, 964 (La. App. 4th Cir. 1992); see also McCoy v. Wade,

No. 06-2292, 2007 WL 1098738, at *2 (W.D. La. Mar. 12, 2007) (Hornsby, M.J.) (citing Gilbert, 909 F.2d at 125; Stephenson, 669 So.2d at 610) ("Neither federal nor Louisiana law provide[s] a cause of action for wrongful termination (based on false accusations of wrongdoing or otherwise) or mere unfair treatment in the workplace."); Hosey v. M.L. Smith, Jr., Inc., No. 3:05-1706, 2007 WL 2592357, at *11 (W.D. La. Sept. 6, 2007) (James, J.) (citing Wusthoff v. Bally's Casino Lakeshore Resort, Inc., 709 So. 2d 913 (La. App. 4th Cir. 1998)) ("[T]here is no general tort action for wrongful termination of employment under Louisiana law.").

In the instant case, plaintiffs allege that defendants terminated their employment based on an audit of the store that plaintiffs managed. Plaintiffs allege that the audit was "flawed" because it "was timed to negate and/or lower their performance score since both [plaintiffs were] not present during the audit." These allegations, accepted as true for purposes of the pending motion to dismiss, fail to state a claim for wrongful discharge as a matter of Louisiana law. Because plaintiffs' allegations fail to raise a right to relief above the speculative level, defendants' motion to dismiss plaintiffs' wrongful termination claim is granted.

## VI. PLAINTIFFS HAVE NOT PLED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs argue in their opposition memorandum that they assert a claim for intentional infliction of emotional distress under Louisiana law. However, they have <u>not pled</u> any such claim. Their Petition for Damages separates their causes of action into two counts, one for "Wrongful Termination" and one for "Pregnancy and Religious Discrimination." At the end of their petition, they demand "bad faith tort damages (mental anguish and emotional distress)." Record Doc. No. 1-1, at ¶ 17.

Even under this court's liberal notice pleading, Fed. R. Civ. P. 8(a)(2), plaintiffs' mere demand for mental anguish damages is insufficient to plead a cause of action for intentional infliction of emotional distress. For the claim of intentional infliction of emotional distress, plaintiff must prove that the conduct of the defendant was extreme and outrageous; that the emotional distress of the plaintiff was severe; and that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. <u>Mitchell v. Tracer Constr. Co.</u>, 256 F. Supp. 2d 520, 526-27 (M.D. La. 2003) (Parker, J.) (citing <u>White v. Monsanto Co.</u>, 585 So.2d 1205 (La. 1991)). Plaintiffs' petition sets forth no allegations concerning any of these required elements of a cause of action for intentional infliction of emotional distress.

The deadline to amend pleadings has passed. Record Doc. No. 27. If plaintiffs wish to amend their Petition for Damages in any respect, as they purport to "reserve the right to" do in their opposition memorandum, they must seek leave to do so and must meet the good cause requirements of Fed. R. Civ. P. 16(b)(4). <u>Sw. Bell Tel. Co. v. City of El Paso</u>, 346 F.3d 541, 546 (5th Cir. 2003); <u>S&W Enters., L.L.C. v. So. Trust Bank of Ala., NA</u>, 315 F.3d 533, 536 (5th Cir. 2003).

## CONCLUSION

Defendants' motion to dismiss is granted. Accordingly, IT IS ORDERED that Tabor's religious discrimination claim and retaliation claim, if any; all discrimination claims by both plaintiffs against Acosta; and all wrongful termination claims by both plaintiffs are DISMISSED WITH PREJUDICE.

The only claim remaining in this action at this time is Johnson's pregnancy discrimination claim against Sprint/United Management Company and/or Sprint Nextel Corporation. All previously ordered deadlines remain in place concerning that claim.

New Orleans, Louisiana, this ___12th___ day of October, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE