UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FALLON W. JOHNSON ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-1756 |
| CHARLES ACOSTA ET AL. | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:   Defendants' Motion to Exclude Witness Testimony and for Other Miscellaneous Relief, Record Doc. No. 39

O R D E R E D:

 XXX :  DENIED, subject to the order contained herein. Fed. R. Civ. P. 30(d)(2) provides that "(t)he court may impose an appropriate sanction . . . on a person who impedes, delays or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(c)(2) permits a person to instruct a witness not to answers questions at a deposition in three circumstances, including "to present a motion under Rule 30(d)(3)," which includes that the deposition is being conducted in a manner that "unreasonably . . . oppresses the deponent or party." That is what plaintiff's counsel, who also represents the deponent in her separate lawsuit against defendant, did. He instructed the witness not to answer in light of the status of her own, separate lawsuit,  apparently concluding that questions about her separate lawsuit were unreasonably oppressive at that time. Counsel jointly, prudently and promptly presented the issue to me via telephone conference, as contemplated by Rule 30, but I was unable to resolve it in oral discussions and directed the parties to file an appropriate motion. A reasonable resolution of the dispute was proposed by both plaintiff's counsel and the court, but defendant refused to accept it.

Now having reviewed the written submissions of the parties, including the deposition transcript, I find that the Rules were followed, and the extreme sanctions requested by defendant -- including excluding the witness from testifying, prohibiting counsel from making similar instructions in unspecified future depositions, and awarding

fees and costs in connection with this motion -- are both inappropriate and unjustified. Thus, the motion is denied in all respects, but only subject to the following conditions:

**IT IS ORDERED** that plaintiff's counsel must make the witness (his client), Amanda Smith, available for the completion of her deposition, to be taken at the office of plaintiff's counsel, 909 Poydras Street, Suite 1625, New Orleans, Louisiana, on a date and time to be mutually arranged by counsel (in discussions between them to be conducted immediately upon receipt of this order). The continued deposition must take place and be completed **no later than August 29, 2011,** all parties to bear their own expenses. The witness Amanda Smith must be prepared to answer all relevant, non-privileged questions, including those concerning her own separate claim and lawsuit against defendant. If the continuation of this deposition necessitates an extension of the deadline by which any party must file dispositive motions, I will favorably consider any motion seeking a reasonable extension.

New Orleans, Louisiana, this 22nd day of August, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE