UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| FALLON W. JOHNSON ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 10-1756 |
| CHARLES ACOSTA ET AL. | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## **ORDER AND REASONS ON MOTION**

Fallon W. Johnson sued her former employer, Sprint/United Management Company and/or Sprint Nextel Corporation (collectively "Sprint"), alleging that Sprint discriminated against her on the basis of her pregnancy when Sprint terminated her employment. Plaintiff's complaint was dismissed on defendants' motion for summary judgment, and judgment was entered in defendants' favor. Record Doc. Nos. 59, 60.

After entry of judgment, Johnson filed a Motion for New Trial. Record Doc. No. 61. Sprint filed a timely opposition memorandum. Record Doc. No. 62. Having considered the submissions of the parties and the applicable law, **IT IS ORDERED** that plaintiff's motion is DENIED for the following reasons.

Because plaintiff's motion for new trial was filed within 28 days of the entry of judgment, Rule 59(e) applies. District courts have broad discretion in deciding a motion to alter or amend a judgment under Rule 59(e). Johnson v. Diversicare Afton Oaks, LLC, 597 F.3d 673, 677 (5th Cir. 2010).

Johnson does not cite any law in support of her motion. The Fifth Circuit

> has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which a judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) favors denial of motions to alter or amend a judgment.

In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2009 WL 2447846, at *2 (E.D. La. Aug. 6, 2009) (citing So. Contractors Grp., Inc., v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993); Arceneaux v. State Farm Fire & Cas. Co., No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008); Johnson v. Cain, No. 05-1943, 2007 WL 1741883, at *1 (E.D. La. June 14, 2007)) (quotations omitted); accord McGillivray v. Countrywide Home Loans, Inc., 360 F. App'x 533, 537 (5th Cir. 2010).

A motion for new trial "may not be used to rehash rejected arguments or introduce new arguments." LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (citation omitted). Such a motion "'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" Ewans v. Wells Fargo Bank, N.A., 389 F. App'x 383, 389-90 (5th Cir. 2010) (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)) (emphasis added).

Johnson does not specify on which part of the Rule 59(e) standards she relies, but she apparently contends that a new trial is necessary to correct manifest errors of law or

fact upon which the court based its judgment. She argues that her motion should be granted for three reasons: (1) the court, in contravention of summary judgment law, "failed to rule on the factual controversy in a light most favorable to" her as the nonmovant, Memorandum in Support of Plaintiff's Motion for New Trial, Record Doc. No. 61-1 at p. 1; (2) because she presented testimony that some Sprint employees knew in advance that an audit of their store was scheduled to occur, the court "on its own motion" should have ordered Charles Acosta, whose unsworn declaration under penalty of perjury Sprint proffered to support its summary judgment motion, "to testify in court about his declaration, that the 'Audit was unannounced,'" id. at p. 2; and (3) the undersigned magistrate judge "might have lacked the legal authority to rule upon the issue as to whether or not [Acosta] made a false statement of material fact under the penalty of perjury under 28 U.S.C. Section 1746," id. at p. 4, because I have recused myself from this court's criminal docket.

Johnson fails to demonstrate that the extraordinary remedy of a new trial should be granted under the Rule 59(e) standards. Her first two arguments are contradicted by the plain language of the court's order and reasons granting Sprint's summary judgment motion, and her third argument has no basis in law or fact.

As to her first argument, plaintiff complains that I failed to comply with summary judgment law when I stated in my order and reasons that "[t]he court disapproves of

fact upon which the court based its judgment. She argues that her motion should be granted for three reasons: (1) the court, in contravention of summary judgment law, "failed to rule on the factual controversy in a light most favorable to" her as the nonmovant, Memorandum in Support of Plaintiff's Motion for New Trial, Record Doc. No. 61-1 at p. 1; (2) because she presented testimony that some Sprint employees knew in advance that an audit of their store was scheduled to occur, the court "on its own motion" should have ordered Charles Acosta, whose unsworn declaration under penalty of perjury Sprint proffered to support its summary judgment motion, "to testify in court about his declaration, that the 'Audit was unannounced,'" id. at p. 2; and (3) the undersigned magistrate judge "might have lacked the legal authority to rule upon the issue as to whether or not [Acosta] made a false statement of material fact under the penalty of perjury under 28 U.S.C. Section 1746," id. at p. 4, because I have recused myself from this court's criminal docket.

Johnson fails to demonstrate that the extraordinary remedy of a new trial should be granted under the Rule 59(e) standards. Her first two arguments are contradicted by the plain language of the court's order and reasons granting Sprint's summary judgment motion, and her third argument has no basis in law or fact.

As to her first argument, plaintiff complains that I failed to comply with summary judgment law when I stated in my order and reasons that "[t]he court disapproves of

fact upon which the court based its judgment. She argues that her motion should be granted for three reasons: (1) the court, in contravention of summary judgment law, "failed to rule on the factual controversy in a light most favorable to" her as the nonmovant, Memorandum in Support of Plaintiff's Motion for New Trial, Record Doc. No. 61-1 at p. 1; (2) because she presented testimony that some Sprint employees knew in advance that an audit of their store was scheduled to occur, the court "on its own motion" should have ordered Charles Acosta, whose unsworn declaration under penalty of perjury Sprint proffered to support its summary judgment motion, "to testify in court about his declaration, that the 'Audit was unannounced,'" id. at p. 2; and (3) the undersigned magistrate judge "might have lacked the legal authority to rule upon the issue as to whether or not [Acosta] made a false statement of material fact under the penalty of perjury under 28 U.S.C. Section 1746," id. at p. 4, because I have recused myself from this court's criminal docket.

Johnson fails to demonstrate that the extraordinary remedy of a new trial should be granted under the Rule 59(e) standards. Her first two arguments are contradicted by the plain language of the court's order and reasons granting Sprint's summary judgment motion, and her third argument has no basis in law or fact.

As to her first argument, plaintiff complains that I failed to comply with summary judgment law when I stated in my order and reasons that "[t]he court disapproves of

plaintiff's indiscriminate filing of entire deposition transcripts, totaling 549 pages plus numerous exhibits, rather than only those portions of the depositions on which she relies in her opposition memorandum. Rule 56 'does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.' Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 379-80 (5th Cir. 2010) (quotation omitted)." Record Doc. No. 59 at p. 3. This was a correct statement of the Fifth Circuit's law concerning the trial court's, and the nonmovant's, obligations. Williams v. Valenti, 432 F. App'x 298, 302-03 (5th Cir. 2011). I stated in the next sentence: "Nonetheless, I have reviewed all of the deposition transcripts and their attached exhibits." Id. at p. 4. Despite her own failure to comply with her obligation to "cit[e] to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), Johnson suffered no prejudice or error from my accurate admonition because I in fact reviewed all her submissions.

Johnson makes a conclusory allegation that I did not rule on fact disputes in the light most favorable to her. This assertion is incorrect. She does not identify a single instance in my 29-page order and reasons when I did not resolve a disputed fact in her favor. On the contrary, when there was conflicting evidence in the record, I resolved all fact disputes in her favor. See Order and Reasons on Motion, Record Doc. No. 59 at p. 11 ("Resolving this fact issue in plaintiff's favor (i.e., accepting Johnson's version)

solely for purposes of the pending summary judgment motion, the court will assume without deciding that [store employees] Tabor, Johnson and Brown-Saunders had prior notice that the audit would occur on or about February 23, 2009."); id. at pp. 14-15 ("The court resolves this fact dispute in plaintiff's favor by accepting for present purposes only the testimony of Tabor, Johnson and Brown-Saunders that Brandt told them on the day of the audit that the store had barely passed with a score of 82 percent and in favor of Tabor's testimony that she and Acosta discussed the score that night, and that Acosta subsequently learned that Brandt had recalculated the score to a failing 79 percent."). Plaintiff's first assignment of error therefore identifies no manifest errors of law or fact in the court's judgment.

Johnson's second argument is negated by my statement in my order and reasons, quoted above, that I assumed for purposes of the summary judgment motion that the store employees had prior notice that the audit would occur. This assumption was based on the sworn testimony of two witnesses, Brown-Saunders and plaintiff herself. In making that assumption, I declined to accept Acosta's statement to the contrary, even though it was supported by the testimony of another witness, Angelle Tabor, the store manager who was fired at the same time as Johnson. Id. at p. 11. Whenever plaintiff provided <u>competent evidence that conflicted</u> with Sprint's evidence, I resolved the fact disputes in her favor. I was <u>not</u> required by law, however, to accept Johnson's self-serving,

speculative, unsubstantiated, conclusory allegations that other, uncontroverted statements in Acosta's declaration were false or that Sprint's legitimate nondiscriminatory reasons for firing her were actually pretexts for discrimination, <u>in the absence of any competent evidence</u> to create a genuine issue of material fact in dispute.

Even with the court's resolution of the few genuinely disputed fact issues in her favor, Johnson failed to provide competent evidence either to establish a prima facie case of pregnancy discrimination or to rebut Sprint's legitimate, nondiscriminatory reasons for firing her. <u>See id.</u> at pp. 24-31. Thus, there was no reason to require Acosta or any other witness to testify in person. The entire point of a summary judgment motion is to avoid a trial when, as in this case, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Finally, Johnson argues, again in a purely conclusory fashion unsupported by any citations to law, that I "might have lacked the legal authority to rule upon the issue as to whether or not [Acosta] made a false statement of material fact under the penalty of perjury under 28 U.S.C. Section 1746" because I have recused myself for the time being from hearing criminal matters. My recusal was from this court's <u>criminal</u> docket, based solely on 28 U.S.C. § 455(<u>a</u>), concerning an investigation of a member of my family, having nothing to do with the instant civil case, with me personally or with my capacity

to determine or understand criminal matters. I am <u>not</u> recused from the civil docket generally or from the instant civil case in particular. 28 U.S.C. § 1746 is a statute with application to civil cases. It is not located in the federal criminal code, Title 18 of the United States Code. In short, my temporary recusal from the criminal docket has nothing to do with my authority under 28 U.S.C. § 636(c) to determine the competency or materiality of evidence for purposes of Fed. R. Civ. P. 56.

For all of the foregoing reasons, **IT IS ORDERED** that plaintiff's Motion for New Trial is DENIED.

New Orleans, Louisiana, this \_\_\_1st\_\_\_ day of December, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE